(Decided 3rd May, 1878.)

---

MARTHA L. DICKINSON, by her husband and next friend, DAVID A. DICKINSON *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Action on the case in the nature of Waste—Subsequent alienation by the plaintiff no bar to the action.*

The action on the case in the nature of waste extends to every case where one who has any reversionary interest or estate in the premises suffers by the tortious act of the actual tenant or occupant. The transfer of the estate afterwards cannot operate to condone the wrong.

Privity is no longer necessary in such action, and it may be brought against a stranger.

The plaintiff on an action in the case in the nature of waste, during the pendency of the action, conveyed her interest in the property to the defendant. HELD:

That if she held the reversionary interest in the property at the time the alleged waste was committed, she was entitled to recover for the same; and her alienation of the property subsequently or during the pendency of the suit for damages, could not operate to defeat her right of recovery.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.* —At the trial the defendant offered in evidence a deed dated October 5th, 1876, (subsequent to the commencement of the action,) by which the plaintiff conveyed to the defendant her interest in the property, in respect to which the action was brought. To the admission of this deed the plaintiff objected. The Court (DOBBIN, J.,) overruled the objection and permitted the deed to be read to the jury. The plaintiff excepted.

*Second Exception.*—The plaintiff offered the following prayer :

That the deed dated October 5th, 1876, and offered in evidence, is not to be received or considered by them as proof of an alienation, or waiver of right to recover for any injury previously sustained by the plaintiff from any wrongful act or omission of the defendant, if they shall find from the evidence that she had previously sustained any injury from the wrongful act or omission of the said defendant, but they will find their verdict upon the evidence regardless of said deed, and in all respects as if said deed had not been executed.

The Court rejected the plaintiff's prayer and instructed the jury as follows :

That the action on the case for waste, is an action for an injury to the reversion, and requires that the reversion shall be in the same state at the time of the recovery as it was in at the time of the waste committed, and that the effect of the deed from the plaintiff to the defendant given in evidence, the execution and delivery of which is admitted, is to take away the plaintiff's right to recover in this action.

The plaintiff excepted to the rejection of her prayer and to the instruction given by the Court. The jury rendered

a verdict for the defendant and judgment was entered accordingly. The plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER and ALVEY, J.

*Henry Stockbridge,* for the appellant.

The admission of the deed of October, 1876, the refusal of the prayer to withdraw it from the consideration of the jury, and the instruction given to the jury were a series of errors all originating in the primary error of confounding the case on trial with the ancient and long obsolete action of waste.

That action had a double purpose—to obtain indemnity for the injury sustained, and to obtain possession of the premises whereon the waste had been committed. The judgment in that action involved both those consequences. Such was the Statute of Gloucester, 1278, which ordained that " he which shall be attainted of waste shall leese the thing that he hath wasted, and moreover, shall recompense thrice so much as the waste shall be taxed at." *Alexander's Br. Stat.,* 83, 117.

In that form of action it might have been necessary that the plaintiff should, at the time of trial, be entitled to the reversion of the property, as otherwise he could not ask for a judgment which should give him possession.

But that form of action has ceased to be known both in England and in this country. Redress is now given in two forms—injunction to restrain the waste—and, damages, or trespass on the case, to give indemnity for the injury sustained. *Taylor's Landlord and Tenant, sec.* 686, &c.; 1 *Washb. on Real Prop.,* 136, *B. I, ch. v, sec.* 4, *Pl.* 38.

And these authorities expressly state that the action must be brought by him " who was entitled to the immediate reversion of the premises at the *time of the waste*

*committed."* The only reason why, under the ancient action of waste, the plaintiff should be entitled to the reversion at the time of trial, lay in the nature of the remedy sought. An essential part of that remedy was the possession of the premises whereon the waste had been committed. If the plaintiff had, before trial, become possessed of the premises, or had alienated or forfeited the right to their possession, the judgment that he recover possession could not be entered, and his right to prosecute the action was gone. Thus Lord COKE says, "If the estate taile determine, hanging the action of waste, and the plaintiff becomes tenant in taile after possibility, the action of waste is gone." *Coke upon Lit.*, 53 *b*.

The reason manifestly being that he cannot be adjudged that which he hath already. The same reason might perhaps apply if one who had filed a bill for an injunction to restrain waste were, before trial, to alienate the property. He would then, at the trial, have no interest to justify him in asking the remedy which he had originally sought, and to give him a standing in Court.

But in an action like the present one, to recover damages for a *tort* committed, the reason which required the plaintiff in the ancient action of waste to be entitled to the reversion at the time of trial, and which might require the complainant in a bill for an injunction to have still an interest in the property at the time of hearing, has utterly ceased. He has sustained an actual injury which justified him in instituting the action at the time of suit brought, and 'the subsequent alienation neither diminishes the amount of injury sustained, nor impedes the Court in giving the remedy for which the action was instituted and which he seeks.

This Court has said that to entitle a plaintiff in a case like this to recover, he must be entitled to a reversion *when the tort is committed.* *M'Laughlin vs. Long*, 5 *H. & J.*, 113.

The authorities are numerous and harmonious that for damages done to freehold the tenant in possession is the party who is entitled to maintain suit. But, if the injury is of a permanent nature, "then the reversioner is also entitled to maintain an action in respect thereof; for, although the evil may be remedied before the end of the term, yet in the meantime, if the reversioner wished to sell his interest, it would be less valuable." 1 *Addison on Torts,* 84, 174, 243, 357.

*James A. Buchanan,* for the appellee.

From all the authorities it is manifest that the instruction of the Court below was correct. An action on the case for waste is an action for injury to the reversion ; and in such an action the plaintiff must show that at the time the action was brought and the case tried, he had and owned the reversionary interest in the premises alleged to have been wasted or injured by the defendant. *McLaughlin vs. Long,* 5 *H. & J.,* 113 ; *Coke upon Littleton,* 53 *b* ; *Bacon vs. Smith, and another,* 1 *Adolph. & Ellis, (N. S.,)* 345 ; 10 *Bacon's Abridgment, (Edition of* 1846,) title *Waste, pp.* 438, 439, 450 ; 1 *Chitty's Pleading,* 142 ; 2 *Chitty's Plead.,* 344, (*n.* 2) ; *Goodwright vs. Vivian,* 8 *East,* 190 ; 3 *Saunders,* 252, (*n.* 7) ; 2 *W. Blackstone's Reports,* 1111 ; 1 *Taunton,* 183 ; 4 *Taunton,* 764 ; 1 *Saunders,* 323, (*n.* 7) ; 2 *Blackstone's Commentaries,* 178.

STEWART, J., delivered the opinion of the Court.

The appellant had leased to the appellee or its agent, a certain store or cellar, in the City of Baltimore, for the term of three years ; the term had expired and the property was surrendered to her.

Waste thereon, or injury thereto, being alleged to have been committed by the appellee during the tenancy, this action was brought for the recovery of damages therefor.

During the pendency of the action the appellant conveyed the property to the appellee.

This alienation was relied upon as a sufficient defence to the action, the appellee insisting that to enable the appellant to recover, it was necessary not only that she should hold the reversionary interest when the waste was done, but at the time of the recovery.

The Superior Court entertained this view, and so ruled, in which we think there was error.

The right of the appellant otherwise to recover, seems not to have been questioned.

The law in regard to ancient and modern remedies for waste, is well stated in *note* 7, *Greene vs. Cole*, 3 *Wms. Saunders*, 252.

The action of waste as formerly known was a mixed action, being partly real and partly personal, and consisted in privity, and by it the owner of the inheritance in reversion, or remainder, in fee or tail, recovered against the tenant in dower, tenant by the curtesy or guardian in chivalry, the thing or place upon which the waste was committed, and also damages for the injury. It was therefore necessary that the plaintiff should be entitled to the property upon which the waste was committed, not only at the time of the waste, but when the recovery was had. There can be no doubt therefore, that the action of waste could only be brought by the person having the inheritance at the time when the waste was committed to his prejudice by the respective tenants aforesaid, and being confined in its operation, to the proprietor of the inheritance and the tenant of the land, between whom there existed a relation of privity to some extent, according to the nature of the tenure, if after the waste, the inheritance was alienated, and that privity broken up, the action of waste was gone. 1 *Coke upon Lit.*, 53 *a*.

By the Statute of Marlbridge, 52 Henry 3, ch. 23, and of Statute 6, Ed. 1, ch. 5, the action of waste was given a wider range, and could be brought against lessee for life or

years, or against the assignee of the same for waste done after the assignment. 1 *Sharswood's Blackstone*, 283 ; 2 *Blackstone's Com.*, 178, *n.* 7 ; *Greene vs. Cole*, 3 *Saunders Rep*, 252, *n.* 7.

To avoid the defective and inadequate remedy afforded by this action, as known to the common law, or as modified by the Statutes of Marlbridge and Gloucester, and to provide an effectual remedy or method of recovery against tenant or stranger, where no privity existed, better adapted to the exigencies of the case, the action on the case *in the nature of waste*, as it is denominated, was devised ; which enables the party who has been injured in his reversionary right, to recover damages for the same, and whether he has become repossessed of the property after the injury, or has transferred the same, does not affect the claim for the damages committed to his property at the time it belonged to him. It extends to every case where one who has any reversionary interest or estate in the premises suffers by the *tortious* act of the actual tenant or occupant. The transfer of the estate afterwards cannot operate to condone the wrong.

It is an equitable action and not to be discountenanced by any technical consideration, but must be sustained in all cases, and against all persons, who are by the common law or under the statutes aforesaid, liable to the action of waste. *White vs. Wagner*, 4 *H. & J.*, 373, per Justice JOHNSON.

It can be bronght by a party in remainder for life or years, as in fee or tail, who held the interest at the time of the injury. *McLaughlin vs. Long*, 5 *H. & J.*, 113.

It entitles the party to recover for the actual damage committed, with costs, against any one who commits the wrong, whether lessee or stranger. 1 *Wash. on Real Property*, 153 ; 4 *Kent Com.*, 83 ; *Taylor's Landlord and Tenant*, sec. 688 ; *Addison on Torts*, 245.

The case of *Bacon vs. Smith*, 41 *English Com. Law R.*, 571, is not in conflict with this view.

The husband and wife there were seized of the messuage for their joint lives and the life of the survivor; and all of the husband's interest became vested in the defendant, who permitted the waste during the life-time of the husband.

It was held by the Court, that the wife who survived her husband could not maintain an action on the case, against the defendant in respect to such waste.

The ground of the decision was, that there was no vested interest in the wife at the period when the waste was committed.

The remark of PATTERSON, Judge, referring to *Co. Litt.*, 53 *b*, that " after waste done, there is a special regard to be had to the continuance of the reversion, in the same state that it was at the time of the waste done; and that the action of waste, is said, to 'consist in privity,'" assumes that this has reference to the old form of action of waste.

That privity is no longer necessary, is well established, for the action may be brought against a stranger.

The further remark of PATTERSON, J., "that the rule equally applies to the action on the case in the nature of waste," seems merely his *dictum*, and we have not been able to find any case to sustain him in that view.

In the case of *Dupree vs. Dupree*, 4 *N. C. R.*, 387, where it was held, that the purchase by the reversioner of the estate of the particular tenant after the waste committed, was no valid objection to his right of action, reference is made by the learned Judge (BATTEL,) who delivered the opinion of the Court, to the idea urged in the argument of that case, that there must exist a particular estate, and a reversion at the time when the action is brought, as well as when the waste was committed.

The counsel in that case relied upon *Co. Litt.*, 53 *b*, and the remark of PATTERSON, J., but the Court held, that the action in the nature of waste, was not confined as the old action of waste was, to the owner of the inheritance against

Dickinson, &c. *vs.* Mayor, &c. of Baltimore.

his tenant for life or years ; but can be bought by a person in remainder or reversion, for life or years, as well as in fee or in tail ; and against a stranger as well as against a tenant.

That it may be brought also in the *tenuit* against a tenant after the term for life or years has expired,—that privity is not essential to the maintenance of the action, and nothing to forbid a remainder-man or reversioner after the purchase by him of a particular estate from recovering for the waste done before,—that the right to damage for the waste done does not depend on the *tenure.*

Upon what sound principle can it be held, because the reversioner of the estate, after the waste committed, has alienated her interest, (whether to the party committing the waste or to another, can make no difference,) she is to be precluded from a recovery? We know of none.

If the plaintiff here held the reversionary interest in the property at the time the alleged waste was committed, she is entitled to recover for the same; and her alienation of the property subsequently, or during the pendency of the suit for damages, cannot operate to defeat her right of recovery.

*Judgment reversed,*
*and new trial ordered.*

(Decided 8th May, 1878.)