[No. 5540.]

## THE OPERA HOUSE AND ART BUILDING ASSO-CIATION *v.* FREDERICK W. BERT AND MARION J. McDONALD.

UNLAWFUL DETAINER BY A TENANT.—One who takes the summary remedy for the removal of a tenant allowed by the Forcible Entry and Detainer Act, must bring himself clearly within its terms.

IDEM.—When a tenant violates one of the covenants of the lease other than the failure to pay rent, the landlord must serve on him a three days' notice in writing to perform the covenant, or deliver possession of the property, before he can commence an action under the unlawful Detainer Act to remove him. A notice to deliver possession is not sufficient.

APPEAL from the County Court, City and County of San Francisco.

The plaintiff, on the 31st day of March, 1875, leased to defendant Bert, for the term of five years, the theater on Mission Street known as Wade's Opera House, the term to commence on the 17th day of January, 1876. Bert, on the 2nd day of August, 1876, sublet to defendant McDonald. The plaintiff served a notice in writing to deliver possession, but did not re-

quire a performance of the covenant. The plaintiff recovered judgment, and the defendants appealed. The other facts are stated in the opinion.

*Delos Lake* and *W. W. Cope*, for the Appellants.

*McAllisters & Bergin*, for the Respondent.

By the COURT:

The action is *forcible detainer*, brought upon the third subdivision of sec. 1161 of the Code of Civil Procedure, which reads as follows: " A tenant of real property for a term less than life is guilty of an unlawful detainer: *  *  *  3. When he continues in possession, in person or by sub-tenants, after a neglect or failure to perform other conditions or covenants of the lease or agreement under which the property is held than the one for the payment of rent; and three days' notice, in writing, requiring the performance of such conditions or covenants, or the possession of the property, shall have been served upon him, and if there be a sub-tenant in actual occupation of the premises, also upon such sub-tenant. Within three days after the service of the notice the tenant, or any sub-tenant in actual occupation of the premises, or any mortgagee of the term, or other person interested in the continuance, may perform the conditions or covenants of the lease, or pay the stipulated rent, as the case may be, and thereby save the lease from forfeiture. A tenant may take proceedings similar to those prescribed in this chapter to obtain possession of the premises let to an under-tenant, in case of his unlawful detention of the premises underlet to him."

The alleged breach of contract is the assignment of the lease without the written consent of the lessor, as required by the terms of the instrument.

One who seeks the summary remedy allowed by the statute must bring himself clearly within its terms.

No notice in the alternative requiring the lessee to perform within three days any condition or covenant, or to surrender the possession of the property, was alleged or proven. The only notice was one declaring the lease forfeited because of non-

performance of covenants other than the non-payment of rent,. and demanding possession of the demised premises forthwith.. The notice given is not as the statute prescribes, and cannot be. held to be sufficient to authorize the commencement of this action.

It is claimed, however, by plaintiff, that inasmuch as the covenant not to assign was one which could not have been per-- formed after breach thereof, he was released from giving the notice required by the Code as a prerequisite to the commencement of the present suit. But whether the breach did or did not operate a forfeiture, which would justify *ejectment*, an action in the present form in the County Court can be maintained only upon a refusal to perform a covenant which can be performed after breach, and the notice contemplated by the statute.

Judgment and order reversed, and cause remanded for a new trial.