[No. 6,656.—Department Two.]

## WILLIAM M. IBURG v. J. B. FITCH ET AL.

UNLAWFUL DETAINER—LANDLORD AND TENANT.—In an action against a tenant and his sub-tenants, for unlawful detainer, the Court rendered judgment against the sub-tenants for restitution, and afterwards rendered a further judgment against the tenant for treble damages. *Held* to be error.

ID.—JURISDICTION.—The proceeding in unlawful detainer is purely statutory in its nature, and the County Court was a court of special and limited jurisdiction; and it was, therefore, essential to the validity of the proceeding that the statute should be strictly complied with.

APPEAL from a judgment, in the County Court of the City and County of San Francisco.   WRIGHT, J.

After the decision, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*L. Quint,* and *L. J. Mowry,* for Appellant.

In order to enforce the judgment for " the full amount of rent due, and for the possession of the premises," the Court must necessarily first find the amount due, find the damages, and that the possession is unlawful; and the judgment must necessarily be for those amounts *and* the possession.   If for possession alone, the tenant is necessarily deprived of his right under the statute to pay, within the five days, the amount of the rent and damages, satisfy the judgment, and thus be " restored to his estate."

*Moses J. Cobb,* for Respondent.

The plaintiff's being put into possession, under a judgment for restitution against the sub-tenants and only actual occupants

of the demised premises, constituted no bar to the further remedy against the tenant and lessee Fitch, appellant, of forfeiture of his lease, and of a judgment against him for damages for a breach of his covenant to plaintiff to pay rent, etc.

There is no difficulty, technical or otherwise, in the Court giving the plaintiff his proper and full relief in two judgments rather than one.

MORRISON, C. J.:

On the 12th day of December, 1877, the plaintiff brought an action against the defendants in the late County Court of the city and county of San Francisco, for the recovery of the possession of a certain lot or parcel of land situate in said city and county, and for damages against the defendant Fitch for the unlawful detention thereof. The complaint shows, that the premises in controversy were leased by the plaintiff to the defendant Fitch, and that the other defendants were in possession of the premises, holding the same as sub-tenants of Fitch. The case was tried by the Court, and comes up before us for review on the findings alone.

By the first finding, it appears that the premises were leased by the plaintiff to the defendant Fitch on the 1st day of November, 1875, for the term of five years, at the monthly rent of $650, which term had not expired at the time the action was commenced. It appears from the fifth finding, that the rent was not paid according to the terms of the lease, and that the lessor had instituted several actions in the District Courts, and one in a Justice's Court, for the recovery thereof, which actions were still pending when this action was brought. From the ninth finding, it appears that on the 12th day of December, 1877, the plaintiff commenced this action against Fitch and his sub-tenants, and such proceedings were had therein, that, on the 18th day of that month, the plaintiff recovered a judgment against all the defendants, except Fitch, for restitution only of the demised premises, and that on the same day the plaintiff was put in possession of the premises, under an execution duly issued upon such judgment, and has ever since remained in the possession thereof.

The defendant Fitch left the State of California for the State

of Nevada, on or about the 1st day of April, 1877, and was
absent from this State at the time the judgment for restitution
was entered against his sub-tenants. Fitch returned to this
State about the middle of the following year, and on July 13th,
1878, filed his answer to the complaint. The cause was duly
tried, as to the defendant Fitch, by the County Court, and judg-
ment was rendered against him on the 11th day of March, 1879,
for a forfeiture of the lease and for the sum of $12,150, the
same *being treble the amount of damages* found by the Court.

This is a proceeding under § 1174 of the Code of Civil Pro-
cedure, and it is claimed, on behalf of the appellant, that when
judgment for restitution was rendered against the defendants who
were sub-tenants, and writ of possession thereupon was exe-
cuted in December, 1877, it was not within the power and juris-
diction of the County Court to proceed with the trial of the
case against the other defendant, Fitch, for damages in March,
1879.

The action was for an unlawful detainer, and the foundation
of the action was a failure to pay the rent in accordance with
the terms of the lease. The section of the Code referred to
above provides as follows: " When the proceeding is for an
unlawful detainer, after default in the payment of rent, and the
lease or agreement under which the rent is payable has not by
its terms expired, execution upon the judgment shall not be
issued until the expiration of five days after the entry of the
judgment, within which time the tenant or any sub-tenant or
any mortgagee of the term, or other party interested in its con-
tinuance, may pay into Court, for the landlord, the amount
found due as rent, with interest thereon, and the amount of
damages found by the jury or the Court for the unlawful de-
tainer, and the cost of the proceeding; and thereupon the judg-
ment shall be satisfied, and the tenant be restored to his estate;
but if payment, as here provided, be not made within the five
days, the judgment may be enforced for its full amount, and for
the possession of the premises. In all other cases, the judgment
may be enforced immediately." By the same section, it is made
the duty of the Court trying the case to assess the damages
occasioned by the unlawful detainer, and to find the amount of
any rent due, and to render a judgment against the defendant

guilty of the unlawful detainer for three times the amount of the damages assessed, and of the rent found due.

The proceeding was purely statutory in its nature, and the County Court was a court of special and limited jurisdiction. It was, therefore, essential to the validity of the proceeding that the provisions of the statute should be strictly complied with. That was not done in this case, but, on the contrary, a judgment for restitution against a portion of the defendants was rendered in December, 1877, and a judgment for damages against one of the defendants fifteen months afterwards. Here we have two separate and independent judgments in the same action. We find no authority for this in the Code, but, on the contrary, we think that a very important provision found in § 1174 has been disregarded.

In the same section the following language is found : " If the proceeding be for an unlawful detainer, after neglect or failure to perform the conditions or covenants of the lease or agreement under which the property is held, or after default in the payment of the rent, the judgment shall also declare the forfeiture of such lease or agreement."

The judgment against the sub-tenants did not in terms declare the forfeiture of the lease, but it had that effect, and did operate a determination of the lease ; for upon it an execution was issued, and the landlord was restored to the possession of the demised premises. If such proceedings as were taken in this case were sanctioned, the clause giving to the tenant or sub-tenant five days within which to pay the damages and save the forfeiture would be defeated. The Code provides, that if the payment be not made within five days, the judgment may be enforced for its full amount, and for the possession of the premises. It was enforced for the possession of the premises, as we have already remarked, in December, 1877, and, in our opinion, it was not competent for the County Court to enter another judgment for treble damages in March, 1879. The section is highly penal in its character, and a landlord seeking to avail himself of its harsh terms must bring himself strictly within its provisions.

Judgment reversed.

THORNTON, J., and MYRICK, J., concurred.