[No. 8,690. Department One.—March 19, 1885.]

### E. H. PARDEE, RESPONDENT, v. HAMILTON W. GRAY ET AL., APPELLANTS.

LANDLORD AND TENANT—SUB-TENANCY—UNLAWFUL DETAINER—NON-PAYMENT OF RENT.—A lessee of real estate moved to the leased premises a house in the occupation of a third person, who refused to leave it. *Held*, that the occupant of the house, by voluntarily remaining therein, became a sub-tenant of the lessor, and subject to be dispossessed, under the unlawful detainer act, in default of payment of the rent by the lessee.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action for the unlawful detention of real property. The facts are sufficiently stated in the opinion of the court.

*M. C. Hassett*, for Appellants.

*Frank Otis, E. B. Mastick*, and *William Reade*, for Respondent.

ROSS, J.—The plaintiff executed to the defendant Gray a written lease of a certain lot of land in the city of San Francisco, and under it the lessee entered into possession of the premises. Subsequently Gray put the defendant Canavan in possession of a part of the lot, by the somewhat novel method of moving a house that Canavan refused to leave on to the leased lot. Default having been made by Gray in the payment of the

rent, the statutory notice was given to him; and Canavan requiring the payment of the rent, or else the surrender of the possession of the premises, and default being still made, the plaintiff commenced the present action for the unlawful detention of the property. Gray suffered default in the court below, but defendant Canavan contested the plaintiff's right to recover possession from her, mainly on the ground that she did not occupy the position of sub-tenant to plaintiff.

That defendant Canavan was put in possession of a portion of the leased premises by the lessee Gray is clear, and she cannot be heard to say that she was put there without her consent. She was not obliged to go, or remain there. We are of opinion that she must be regarded as having entered under Gray, and therefore as the sub-tenant of the plaintiff, and, of course, subject to be removed, under the unlawful detainer act, in default of payment of the rent by the lessee.

The notice served on the defendants, requiring the payment of the rent due, or, in default thereof, the surrender of the premises, was in substantial compliance with the provisions of the statute.

The questions to the defendant Canavan, which were ruled out by the trial court, and to which ruling exceptions were taken, were subsequently answered in substance by the witness, and, therefore, whatever error there may have been in the rulings was cured. There is no substantial error in the record, and the judgment and order must be affirmed.

So ordered.

McKINSTRY, J, and McKEE, J, concurred.