FOUCAR v. HOLBERG.

Opinion delivered January 6, 1908.

LANDLORD AND TENANT—CONTRACT MADE FOR LANDLORD'S BENEFIT.—A landlord may sue a tenant for rent under a contract made by the latter with a third person for the former's benefit.

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*Charles E. Warner,* for appellant.

1. Under the facts developed in evidence the appellee was clearly an assignee of the term, and not a sub-tenant. 67 Mass. 329; 9 Pick. 53; 129 Ill. 318; 104 Ill. 160; 166 Ill. 361; 123 Pa. St. 576; 2 Dana, 294; 67 Ind. 513; 120 Mich. 48; 52 Miss. 155; 50 Mo. 319. Possession alone is *prima facie* sufficient, and to escape liability as assignee the defendant must prove that he held as sub-tenant. 2 Wend. 517; 139 Pa. St. 344; 19 Neb. 540; 2 N. H. 387; 25 Mo. App. 359; 8 *Id.* 223. See also Jones on Landlord and Tenant, § § 445, 446; 64 Md. 501.

2. The statute creates a direct liability on the part of the occupant of real estate to the owner. Kirby's Digest, § § 4698, 4700, 5035.

*Winchester & Martin,* for appellee.

1.  Appellee was a sub-tenant of Smith's, and not an assignee of the term, and there was no privity of contract nor of estate between appellant and appellee. Jones on Landlord and Tenant, § 659, and authorities cited in notes 109, 110, 111. Where the demised premises are let for a part only of the unexpired term, the new tenant is only a sub-lessee, and is not a tenant to the landlord. *Id.* § 445. A sub-lessee is one who leases all or a part of rented premises from the original lessee for a term less than that held by the latter, and in that case the lessee retains a reversionary interest. *Id.* § 446; 128 Mass. 245. "To constitute an assignment of a leasehold estate, the assignee must take precisely the same estate in the whole or in a part of the leased premises which his assignor had therein. He must not only take the whole of the unexpired term, but he must take the whole estate." 131 Mass. 161.

2.  Sections of the statute cited by appellant as changing the common-law rule have no application in this case. Until the written contract of lease between appellant and Smith was cancelled, no implied contract by appellee to pay rent to appellant would arise. Jones on Landlord and Tenant, § 659.

McCULLOCH, J.  Mrs. Ida L. Foucar, the appellant, owned a certain store house in the city of Fort Smith, and leased it to one Smith for a year from January 1, 1905, at the rental sum of $840 per annum, payable in equal monthly installments. She instituted this action against the appellee, Holberg, to recover $140 for the rent due for the months of November and December, 1905, alleging in her complaint that Smith had assigned the lease contract to Holberg, and that the latter had occupied the house during the months named, but had refused to pay the rent.

It appears from the evidence adduced at the trial that in January, 1905, when the lease contract was entered into between Mrs. Foucar and Smith, the latter was then occupying the store house under a prior contract, and that shortly after the execution of the contract he placed appellee, Holberg, in possession of the house. Whether the transaction amounted technically to an assignment of the contract to Holberg, or whether it was a sub-letting of the premises, we need not consider. Holberg continued in possession, and paid the rent monthly ex-

cept for the months named above, and on January 1, 1906, entered into a new contract in writing with Mrs. Foucar for the lease of the house.

The only material testimony introduced at the trial was that of Smith who made the following statement concerning Holberg's occupancy of the house: "Before the first of February I let the defendant have the store room. We talked about two of the provisions in the lease that I remember, the one about keeping a retail bar for sale of liquor to be drunk on premises and one as to the rental price. I let defendant have the whole store room; did not keep any part of it for myself, he expressly agreeing that he would pay rental money. He just took my place. I made no written assignment of the lease to Holberg; do not remember that I ever showed him the lease until about the first of August, 1905, and did not notify Mrs. Foucar that I had let Holberg have the house. Until about August I was in business in the adjoining store room, and when collector from the bank came for the rent money as it was due, defendant would give him a check for the rent payable to me, and the collector would bring it to me, and I would indorse it and give it back to him. Defendant said he would pay it in this way, so that I would know it was paid. After I went out of business in August I don't know how it was paid. * * * Defendant tried to get me to pay the rent for November and December—said he would not pay it. I never notified plaintiff about letting defendant have the store room, but the bank which collected the rent knew about it." ·

The court gave a peremptory instruction to the jury in favor of the defendant, and that ruling of the court is sought to be sustained on the ground that appellee was not an assignee of the lease contract, but was Smith's sub-tenant; that there was no privity of contract or estate between appellant and appellee, and consequently no liability on appellee's part to pay rent to appellant. We conclude, however, that the learned circuit judge was wrong in assuming, even if there was no assignment of the contract, that there was no privity of contract between the parties to this suit such as would authorize appellant to sue for the rent of the house. Smith's testimony, which is not disputed, shows that appellee agreed to take his place under the contract as

appellant's tenant and to pay the rent to appellant. He testified, too, that appellee paid the rent for the other months to appellant's collector, but made the checks payable to him (Smith) for the sole purpose of showing the latter that the rent was being paid. The effect of this testimony was to establish the existence of an agreement on appellee's part to pay the stipulated rental price to appellant. It was therefore a contract for appellant's benefit which she could maintain a suit upon, regardless of whether appellee was an assignee of the contract or a sub-lessee of Smith.

It is well settled by this court that a party may maintain an action on a promise made to another for his benefit. *Hecht* v. *Caughron,* 46 Ark. 132; *Chamblee* v. *McKenzie,* 31 Ark. 155; *Talbot* v. *Wilkins,* 31 Ark. 411.

According to Smith's testimony, appellee agreed to pay the rent to appellant, and he occupied the house during the two months in question without paying the rent. He is liable to her on his promise made to Smith to pay it.

Reversed and remanded.