[Civ. No. 1692.   First Appellate District.—January 28, 1916.]

## F. J. LINZ, Respondent, v. McIVER & BECKER, Copartners, Appellants.

PLEADING — VARIANCE BETWEEN ALLEGATIONS AND EXHIBIT — WAIVER.—
A variance between the direct allegations of a complaint and a copy
of an instrument set forth therein, or an exhibit attached thereto,
can be successfully attacked only by special demurrer, and cannot
be taken advantage of by general demurrer.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Donohue, Judge.

The facts are stated in the opinion of the court.

Robison & Sizer, for Appellants.

J. R. Moulthrop, for Respondent.

THE COURT.—In this action the plaintiff and respondent, F. J. Linz, procured a judgment to be entered against the defendant F. G. Becker upon the latter's default.   The judgment purports to run against him individually and not as a member of the copartnership.   The general allegations of the complaint were sufficient in the absence of a general demurrer to charge the defendant as an individual maker of the promissory note sued upon.   The complaint, however, contains a copy of the note, which shows that defendant Becker signed his name thereto as a member of the firm of McIver & Becker and not as an individual maker thereof.   The only question involved upon this appeal is whether the variance between the general allegation of the complaint and the face of the note is fatal to the plaintiff's judgment.

The rule in this state is that a variance between the direct allegations of a complaint and a copy of an instrument set forth therein, or an exhibit attached thereto, can be successfully attacked only by special demurrer, and cannot be taken advantage of by general demurrer.   (*Mendocino County* v. *Morris*, 32 Cal. 145.)   In the case of *Blasingame* v. *Home Ins. Co.*, 75 Cal. 633, [17 Pac. 925], the appellant therein relied for a reversal of the judgment upon a variance between a direct allegation of the complaint as to the identity of a per-

son to whom a policy of insurance was payable, and an apparently contrary statement in the copy of the policy set forth in the complaint. The court there held that the complaint was sufficient to support the judgment when tested by a general demurrer.

The most recent reaffirmance of the foregoing principle is to be found in *San Francisco Sulphur Co.* v. *Aetna Indemnity Co.,* 11 Cal. App. 695, [106 Pac. 111], in which Mr. Justice Kerrigan, rendering the decision of the court, said: "Under the authorities in this state the variance between the exhibit and the allegations of the complaint cannot be raised by general demurrer, and as the point was not made by special demurrer the complaint must be held to be good"—citing *Mendocino County* v. *Morris,* 32 Cal. 145; *Palmer* v. *Lavigne,* 104 Cal. 30, [37 Pac. 775]; *Blasingame* v. *Home Ins. Co.,* 75 Cal. 633, [17 Pac. 925].

Upon the record before us we are satisfied that the complaint is sufficient to support the judgment, and it is therefore affirmed.