[Sac. No. 2599. Department One.—May 27, 1918.]

CHARLES G. LAMBERSON, Respondent, v. JOHN BASHORE, Appellant.

JUSTICE'S COURT—TITLE TO LAND SET UP BY ANSWER—TRANSFER OF ACTION TO SUPERIOR COURT—THEORY OF DEFENSE—CONCLUSIVENESS ON DEFENDANT IN SUBSEQUENT PROCEEDINGS.—Where, in an action brought in a justice's court to recover certain wheat, the defendant, in his answer, set up ownership in himself, upon the ground that he was the owner of the land upon which the wheat was grown, and after the case was transferred by the justice to the superior court,

upon demand of the defendant, upon the ground that the title to land was involved, the defendant filed a cross-complaint to quiet his title to the land and to have a trust declared thereon in his favor and to have such trust terminated, and upon the trial of the action the plaintiff introduced in evidence a judgment of the superior court entered prior to the time when the wheat was grown, quieting his title to the land, against the claims of the defendant, and adjudging the plaintiff to be the owner, and thereupon the plaintiff rested his case, the trial court properly denied the defendant's motion for a nonsuit, since the defendant, having predicated his defense on the theory that the plaintiff was not the owner, or entitled to the possession, of the land on which the wheat was grown, and having obtained a transfer to the superior court upon the ground that the title to the wheat depended upon the issue of the title to land, and having also sought to quiet his own title to the land in an action, involving originally only the ownership and right of possession of the wheat, could not afterward, either in the trial court or on appeal, assert that the plaintiff's proof of ownership of the land was insufficient to establish his right to the wheat.

APPEAL—CONFLICT OF EVIDENCE.—The determination of a trial court, on conflicting evidence, of a question of ownership of land will not be reviewed on appeal.

APPEAL from a judgment of the Superior Court of Tulare County.   J. A. Allen, Judge.

The facts are stated in the opinion of the court.

J. C. Thomas, for Appellant.

Lamberson, Burke & Lamberson, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor.  The action was originally brought in the justice's court to recover the possession of some wheat valued at fifty dollars.  The defendant filed an answer denying that the plaintiff was the owner of the wheat or "that this defendant wrongfully came into the possession thereof, but alleges that the ground upon which it grew and from which it was harvested was and is the real estate of this defendant."  Upon filing this answer the defendant demanded that the cause be certified to the superior court for trial upon the ground that the title to real estate was involved.  The justice thereupon transferred the cause to the superior court, whereupon

the defendant filed a cross-complaint in which he sought to quiet title to the land and also to have a trust declared thereon in his favor and to have .such trust terminated.  The case being called for trial, the plaintiff introduced in evidence a judgment of the superior court entered prior to the time when the wheat in question was grown, in an action between the plaintiff and the defendant, quieting the title of the plaintiff to the land as against the claims of the defendant, and adjudging the plaintiff to be the owner and entitled to the possession of said land.  With this proof the plaintiff rested his case, whereupon the defendant moved for a nonsuit upon the ground that plaintiff had not shown any right or title to the wheat in question.  The court denied this motion, whereupon the defendant offered some evidence in support of his claim of ownership of the land.  The cause being submitted the court found the plaintiff to be the owner of the land upon which the wheat had been grown and of the wheat grown thereon, and found against the defendant upon the issues tendered in his cross-complaint.  From the judgment based upon these findings the defendant prosecutes this appeal.

The main point which the appellant urges is that the court erred in denying his motion for nonsuit, and erred in adjudging the plaintiff to be the owner of the wheat in question upon the mere proof of the plaintiff that he was the owner of the land upon which the wheat had been grown.  There is no merit whatever in this contention.  The sole theory upon which the defendant's answer in the justice's court was drawn and upon which his demand for the transfer of the case to the superior court was predicated was that the plaintiff was not the owner or entitled to the possession of the wheat because he was not the owner or entitled to the possession of the land upon which such wheat had been grown.  Having thus narrowed and defined the issues and having obtained a transfer of the cause to the superior court upon the claim that the title to the wheat involved and depended upon the issue as to the title to the land; that having further gone to the extent of attempting to affirmatively assert and seek to have quieted his title to the land in an action originally involving only the ownership and right of possession of the wheat, he could not be heard to claim in the trial court and may not here assert that the plaintiff's proof of ownership of the land at a time prior to that wherein the wheat was grown did not suffice to

establish the plaintiff's right to the ownership and possession of the wheat grown upon his own land. The trial court, therefore, properly denied the defendant's motion for nonsuit. Assuming that there may have been some conflict as to the ownership of the land created by the evidence offered on behalf of the defendant after the denial of the motion for nonsuit, the trial court was entitled to resolve such conflict in the plaintiff's favor, and its findings and judgment in so doing will not be reviewed upon appeal.

Much space is devoted in the brief of counsel for appellant to a discussion of matters which were concluded in other litigation between the parties hereto and which are irrelevant to this appeal.

The members of the bar could well render much aid in the way of relieving courts of last resort of their accumulating business by withholding their aid in the taking and prosecution of unmeritorious appeals.

Judgment affirmed.

Sloss, J., and Shaw, J., concurred.