[L. A. No. 4555.  Department Two.—August 7, 1918.]

S. L. ROTHROCK et al., Appellants, v. Mrs. E. J. SAN-
BORN et al., Respondents.

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—CONDITION—APPLICA-
BILITY TO SUCCEEDING ASSIGNMENTS.—A provision in a lease that
should the lessees desire to transfer or assign their interest in the
lease to other parties the lessors would give their consent thereto,
provided there be deposited with them a sum of money equal to
the last three months' rent of the term, is to be construed as appli-
cable to each and every assignment, and not to the first assign-
ment only, when read in connection with another provision of the
lease which prohibited any assignment without the consent of the
lessors.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Grant Jackson, Judge.

The facts are stated in the opinion of the court.

Daniel M. Hunsaker, I. Henry Harris, and Charles A.
Bank, for Appellants.

Jones & Weller, for Respondents.

LORIGAN, J.—In May, 1913, defendants, the Sanborns,
leased to Mr. and Mrs. Kendis an apartment house in Los
Angeles City consisting of twenty-five furnished apartments
for a term of ten years, at a monthly rental of $496, payable
on the first of each month of the term, in advance,  The lease
provided (paragraph 4) that it should not be assigned with-
out in each case the written consent of the lessors.  By sub-
sequent paragraph—No. 12—it was provided that: "It is
further understood and agreed that should the lessees desire
to transfer or assign their interest in the within lease to
other parties, that the lessors will give their consent, pro-
vided said party or parties deposit or give unto the said
lessors a sum of money equal to the last three months' rent
of this lease, said last three months' rent amounting to
$1,488, said money to be paid to the lessors, their assigns or
representatives at the time the written consent of the lessors
as provided for in paragraph number four (4) of this lease

is obtained, and in no case shall the lessors be obliged to consent to any transfer or assignment of this lease except as herein provided, and unless tenant is absolutely satisfactory to lessors.''

In November, 1913, the lessees, Mr. and Mrs. Kendis, assigned the lease to plaintiff and appellant, Nell L. Rothrock, the defendants Sanborn consenting thereto by the following written instrument: "And we hereby consent that the said lease may be transferred by the said Mr. and Mrs. A. P. Kendis to Mrs. Nell L. Rothrock. This consent shall not be treated in any way as waiving any of the provisions of said lease, nor shall the same be assigned or transferred by the said Mrs. Nell L. Rothrock to any person, without our consent first being had and obtained, and then only according to the provisions of paragraph XII of said lease." And concurrently with the execution of this written consent the original lessees, the Kendises, delivered to the defendants Sanborn, the lessors, the sum of $1,488 in compliance with the provisions of said paragraph 12 of the lease.

In March, 1914, said Nell L. Rothrock desired to assign said lease to one M. A. Merrill and sought the consent of said lessors Sanborn, who refused to consent thereto unless they were again paid $1,488, which they claimed they were entitled to under said paragraph 12 of the lease; the said Rothrock objected to doing this, but the defendants insisted, and in order, so it is alleged, to prevent the loss of a large profit in a deal whereby said lease was to be transferred to said Merrill in exchange for some real estate, and, under protest, said Nell L. Rothrock made and delivered to defendant E. E. Alexander, as agent of the other defendants Sanborn, her check for five hundred dollars and her promissory note for $988, which were still in his hands when this suit was commenced.

Thereafter plaintiff brought this action to obtain a cancellation of both said check and said promissory note. Judgment went for defendants denying the relief sought, and plaintiffs appealed.

The only question in the case is the construction to be placed on paragraph 12 of said lease respecting the consent of the lessors to assignments of the lease and the conditions on which successive ones are to be granted or permitted. Ap-

pellants' contention, coming down to its real effect, is that the plaintiffs in making an assignment to Merrill were entitled to have the consent of defendants thereto without the payment of any sum of money whatever; that the right to exact the payment of a sum equivalent to the amount of three months' rent as a condition to an assignment had been satisfied and exhausted when the first assignment of the lease was made and had no application to assignments thereafter; that such deposit of $1,488 was intended as security for the payment of the last three months' rent of the lease, and was fully complied with on the first payment and the provision respecting it was thereafter inoperative, as it could only be complied with once. According to this construction which plaintiff seeks to put on the contract, though the lease was for a term of ten years and though many occasions might arise in that time for assigning it, the only matter really contemplated by paragraph 12 was a payment of rent as such for the first assignment and not a payment or bonus for the consent to any assignment. We see nothing in the terms of the provision in question which compels such a construction. In fact, to do so would require a consent on the part of the lessors without any bonus or consideration therefor after the first assignment. But the provision relating to consent to an assignment does not say anything about applying the amount paid by the lessees as a payment on the last three months' rent of the lease. The three months' rent is merely mentioned in connection with $1,488 as measuring the sum to be paid. If it had been intended that such payment should be made solely as a deposit to secure the payment of the last three months' rent of the term, it would have been very easy to have said so. Not doing so, the sum required must be considered as a payment which might be exacted by the lessors as a consideration or bonus each time that their consent to an assignment was given and not as a payment of rent. But even if we should construe the provision as one treating the payment of the $1,488 as security for the last three months' rent to ultimately be applied thereon, and therefore the provision requiring its payment was exhausted on the first assignment, it does not follow that the lessors were bound to consent to the second assignment of the lease without any consideration. It is to be noted that by paragraph 4 the lessees are pro-

hibited from making any assignment of the lease whatever without in each case the consent of the lessors, and the lessees were the Kendises. By paragraph 12 this prohibition is qualified to the extent that if the lessees desired to assign their interest in the lease, the lessors will consent to said assignment upon the lessees depositing or giving the lessors a sum of money equal to the last three months' rent of the lease amounting to $1,488, said money to be paid to the lessors, "and in no case shall the lessors be obligated to consent to any assignment of the lease except as herein provided and unless tenant is absolutely satisfactory to lessor." Now, this paragraph must be construed as a whole, and if its effect, as contended by plaintiffs, is that the right to demand $1,488, or any other sum for the assignment, was exhausted by the payment made by the original lessees, the Kendises, it must necessarily follow that the right thereafter to require an assignment by any assignee of the lessees without such payment is gone also, because it is so declared in the very same provision when it says that in no case shall the lessors be required to consent to an assignment of the lease excepting as therein provided, namely, by payment of said $1,488. If the result of the first payment is to exhaust any right of the lessors to demand its payment again for a subsequent assignment, then also any right of the lessees to demand any subsequent assignment without such payment cannot exist, because paragraph 12 says it shall not; the rights of all parties under the paragraph are gone for all purposes, and the only provision in the lease thereafter controlling as to consent of the lessors is paragraph 4, which provides that no assignment shall be made without the consent of the lessors, and, of course, the lessors could fix any terms of payment for giving their consent that they saw fit.

In concluding it may be said it appears that when the lease was originally transferred by the lessees to plaintiff with the consent of the defendants, lessors, all the parties placed a harmonious construction on said paragraph 12. The plaintiffs then accepted the written consent of the defendants, which in express terms prohibited them from assigning the lease without the written consent of the lessors, defendants, to be obtained only by complying with paragraph 12, which, of course, required the payment of $1,488.

If, under this written consent so given and accepted by the plaintiff, the payment by the Kendises was to be treated as a payment of the rent and thereby exhausted the right of the lessors to the payment of a like amount for a subsequent consent, then all the language of the written consent to the plaintiffs about a consent to a subsequent transfer by them, and only in accordance with the provisions requiring the payment, was idle, meaningless, and useless. We do not so construe the terms of the writing.

The judgment is affirmed.

Wilbur, J., and Melvin, J., concurred.