[Civ. No. 3247. Second Appellate District, Division One.—February 6, 1920.]

## GEORGE J. CHAMBERS, Appellant, v. THE SECURITY COMMERCIAL AND SAVINGS BANK (a Corporation), Respondent.

[1] UNLAWFUL DETAINER—RIGHT TO INTEREST UPON RENTAL INSTALLMENTS—SPECIFIC PRAYER UNNECESSARY.—In an action to recover possession of certain real property, the prayer being for restitution of the premises and for a sum treble the rent due, with costs and disbursements, and "all other and proper relief," the judgment should include interest at the rate of seven per cent per annum on the several installments of rental from the dates on which they became due, regardless of the fact that the plaintiff does not, in the prayer of his complaint, particularly ask for such allowance to be made.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Judgment ordered modified.

The facts are stated in the opinion of the court.

Hunsaker, Britt & Edwards, Crouch & Chambers and Hunsaker, Britt & Cosgrove for Appellant.

Sweet, Stearns and Forward for Respondent.

JAMES, J.—This action was brought to recover possession of certain real property, the prayer being for restitution of the premises and "for the sum of eighteen thousand dollars, treble the rent due," with costs and disbursements, and "all other and proper relief." In the complaint it was alleged that the defendant had failed to pay rental at the rate of five hundred dollars per month, as provided in a lease, on the first of each month for the year 1915, amounting in all to the sum of six thousand dollars. A jury was called to find the amount of rent due, and a verdict was returned fixing that amount at the sum of six thousand dollars, the verdict reciting that sum to be "the total amount of unpaid rent at the rate of five hundred dollars per month for twelve months in the year 1915." Before the entry of judgment, the plaintiff moved for a judgment on the verdict, and asked that the judgment include interest upon the installments of rental from the several dates of default in the payment thereof. The trial court refused to allow interest and entered its judgment only for the sum of six thousand dollars and the costs which plaintiff had incurred, amounting to $180 additional. There was no judgment for restitution of the premises and no damages provided to be recovered. Plaintiff has appealed from the judgment, specifying as the only objection thereto the failure of the court to include interest upon the rental installments from the dates when they matured.

[1] We think that interest should have been allowed and that it should have been entered as an incident to the main judgment, regardless of the fact that plaintiff did not, in the prayer of his complaint, particularly ask for such

allowance to be made. Under section 1174 of the Code of Civil Procedure, where forfeiture of a lease is declared, in order to be relieved from such forfeiture, the tenant is required to pay ''the amount found due as rent, with interest thereon, and the amount of the damages found by the jury or the court for the unlawful detainer, and the costs.'' Furthermore, the question seems to be settled by the provisions of section 3287 of the Civil Code, which gives the right to interest upon demands which are not unliquidated and which in character, both as to the amount thereof and their due date, are fixed and certain. (*Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Easterbrook* v. *Farquharson,* 110 Cal. 311, [42 Pac. 811].) This case, as it was resolved by the judgment, took the final character of a suit for rent only; hence there appears to be a stronger reason, if any distinction can be drawn, why interest should be allowed, than where the usual judgment for restitution of premises and damages is made. In *Mason* v. *Wolff,* 40 Cal. 246, an unlawful detainer suit, the court remarked that, ''in a certain sense, the suit is brought upon the lease.'' The judgment in this case was strictly a judgment upon the lease obligation for the rent due.

It is ordered that the superior court modify the judgment by adding thereto a provision that the plaintiff recover interest on the several installments of rental from the dates on which they became due up to the tenth day of June, 1918, at the rate of seven per cent per annum.

Conrey, P. J., and Shaw, J., concurred.