[Civ. No. 4131. First Appellate District, Division One.—January 21, 1922.]

## J. B. HILL (a Corporation), Appellant, v. MARY E. PINQUE et al., Respondents.

[1] LANDLORD AND TENANT — WASTE — ACTION FOR DAMAGES — TITLE ESSENTIAL.—An action for damages to leased property committed by the defendant during the tenancy cannot be maintained by one who did not have title to the property at the time of the commission of the alleged waste, in the absence of an assignment to him of the cause of action therefor.

[2] ID.—CANCELLATION OF LEASE—MATERIAL ALTERATION—PLEADING—SUFFICIENCY OF COMPLAINT.—A count in a complaint for the cancellation of a lease alleging that the defendant had wrongfully and unlawfully changed the renewal term of a lease from nine to ninety-nine years states a plain violation of section 1700 of the Civil Code, and an order sustaining a demurrer thereto is erroneous.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Reversed.

The facts are stated in the opinion of the court.

A. M. Drew for Appellant.

Everts, Ewing & Wild and J. R. Fitch for Respondent Mary E. Pinque.

KERRIGAN, J.—This is an appeal from the judgment in favor of the defendants for costs in the second trial of an action brought originally for the cancellation of a lease upon the ground of nonpayment of rent and for the recovery of

damages for waste, alleged to have been committed upon certain leased premises. In the first trial judgment went for the plaintiff, but upon appeal it was reversed (179 Cal. 759 [3 A. L. R. 669, 178 Pac. 952]), and upon the return of the case to the trial court the plaintiff amended its complaint, which, as thus amended, contained three counts, viz., (1) an action for the cancellation of the lease for waste under the provisions of subdivision 4 of section 1161 of the Code of Civil Procedure; (2) an action for damages to the property leased, committed by the tenant during the tenancy, by the removal of a part of the foundation of the leased premises, thereby causing the building to settle, to plaintiff's alleged damage in the sum of two thousand dollars; and (3) a cause of action for the cancellation of the lease upon the ground that the defendants had wrongfully and fraudulently and without the consent of the plaintiff changed and altered the said lease from nine years to ninety-nine years.

To this complaint as thus amended the defendants demurred generally and specially, and the demurrers were by the court sustained to the first and third counts, trial being thereafter had upon the question of damages claimed in the second count.

[1] On this issue the court found that the defendants, in making certain permissible changes in said building, had committed no substantial waste, and that if said building was damaged by the making of said changes the damage had been done before the plaintiff became the owner of the premises and that it existed at that time. The evidence also disclosed that the plaintiff, through its president and others, examined the property before purchasing the same; that it knew the nature of the repairs that had been made to the building and regarded the consequent damage thereto as of a trifling nature. Under these circumstances it is clear that the plaintiff cannot maintain an action for waste in the absence of an assignment to him of the cause of action therefor. Title to the property at the time of the commission of the waste is necessary to sustain the right to an accounting for such waste. (40 Cyc. 527; 30 Am. & Eng. Ency. of Law, 282; *Shelby* v. *Hearne*, 6 Yerg. (Tenn.) 512; *Hughlett* v. *Harris*, 1 Del. Ch. 349 [12 Am. Dec. 104]; *Dickinson* v. *Mayor*, 48 Md. 583 [30 Am. Rep. 492].)

Respecting the order sustaining the demurrer to the first count, as it appears from the complaint itself that the damages to the property had been done prior to the purchase of the premises by the plaintiff, it follows from what has been stated that the count in question stated no cause of action and that the order of the court was correct.

[2] Coming to the third count, it was therein alleged that the defendant had wrongfully and unlawfully changed the renewal term of the lease from nine years to ninety-nine years.

Section 1700 of the Civil Code provides: "The intentional destruction, cancellation or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act." This count of the complaint alleges a plain violation of this section of the code; the order, therefore, sustaining the demurrer to this count was erroneous. (*Pelton* v. *S. J. Lumber Co.*, 113 Cal. 21 [45 Pac. 12].) The judgment is reversed, and the cause is remanded to the trial court for further proceedings upon the issue tendered by the third count in plaintiff's amended complaint only, with instructions to the trial court to overrule the demurrer to the third count of the complaint and to permit the defendant to answer thereto.

Richards, J., and Tyler, P. J., concurred.