[L. A. No. 4026.   Department Two.—August 22, 1917.]

## A. VICTOR SEGNO, Respondent, v. ANNIE DEL SEGNO, Appellant.

PAYMENT—CONDITIONAL DEPOSIT IN BANK—DEBT NOT EXTINGUISHED.— Under section 1500 of the Civil Code, providing that an obligation for the payment of money is extinguished by a due offer of payment if the amount is immediately deposited in the name of the creditor with some bank of deposit within this state of good repute, and notice thereof is given to the creditor, a debt is not extinguished by the mere leaving of the money with a bank with instructions to deliver to the creditor upon his complying with certain conditions.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George L. Jones, Judge.

The facts are stated in the opinion of the court.

S. J. Parsons, for Appellant.

L. S. Arnold, for Respondent.

LORIGAN, J.—This action was originally brought by A. S. Hall as assignee of the substituted plaintiff, A. V. Segno, to recover on several promissory notes and for money loaned. The substituted plaintiff and defendant are husband and wife and the notes were executed by her in his favor and the money loaned by him to her.   The defendant did not deny the execution of the notes or their validity, or the making of the loan, but set up a variety of other defenses against recovery upon any of them.   The court made findings in favor of the plaintiff on all the notes and the loan sued on and against defendant upon all her defenses.   On this appeal defendant questions only the validity of two of the findings in favor of plaintiff.   The court found in his favor as to a loan of eight hundred dollars alleged to have been made to defendant on September 22, 1913.   It appears that when this loan was made, and at the same time, defendant made a bill of sale in favor of plaintiff of certain personal property consisting of office furniture, books, and papers to secure its repayment, he agreeing to return or cancel the bill of sale on repayment

of the money within thirty days. Defendant claims the evidence shows that within the thirty days she tendered to plaintiff the sum of $805 in full payment of the indebtedness and demanded from him a delivery of the bill of sale which he refused; that this constituted a tender or offer of payment extinguishing the eight hundred dollars indebtedness and the court should have so found and held. The contention of the defendant is based on section 1500 of the Civil Code, which provides that ''an obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor.'' But the trouble with this claim of defendant is that the evidence does not bring her within the terms of this section. She does not allege in her answer, nor does the evidence show, that she deposited in the name of plaintiff in some bank of deposit in this state the amount due in satisfaction of the obligation. Defendant did take some measures respecting the payment of the loan and the return of her bill of sale, and doubtless left money with the Hellman Bank in Los Angeles, as she testified, for that purpose. So, too, the bank, by letter sent, notified plaintiff that it was holding ''[a specified sum of money] to take up a certain bill of sale, etc.,'' stating that said sum was being ''held'' and ''was to be paid'' on compliance with certain conditions specified in the letter, which involved a surrender of the bill of sale. Plaintiff refused to call for the money or to comply with the conditions. It is not pretended that defendant did anything more than have the bank so notify plaintiff. She did not deposit the money in the Hellman Bank, or any other bank, in the name of the plaintiff at any time. It is not clear that it was deposited with the Hellman Bank for any purpose, or if it was, that the bank held it in any other custody than as agent for the defendant to pay it over to the plaintiff on certain conditions. To effect the extinguishment of an obligation under the section there must be a full compliance with the law. As there was no deposit of the money in the name of the plaintiff which the section requires, there could be no extinguishment of the obligation, and the court properly so held. ''The deposit contemplated by section 1500 of the Civil Code, the effect of which is an extinguishment of the obligation, is an unconditional deposit

to the credit of the owner or holder of the obligation. . . .
Money deposited under section 1500 of the Civil Code be-
comes at once the property of the person to whose credit it
is placed.'' (*Righetti* v. *Righetti,* 5 Cal. App. 249, [90 Pac.
50].)

Appellant complains because the court failed to give her
credit as an offset for $2,459.74, the aggregate amount of
twenty-nine notes for small sums given by plaintiff to third
persons and taken up by defendant as they became due.
There is no doubt but that plaintiff executed the notes, failed
to pay them when due, and that they were presented to de-
fendant, who settled with the holders of them. But all this
was provided to be done by the defendant in a written con-
tract between the parties. Defendant had agreed to give
plaintiff a note for fifty thousand dollars, secured by mort-
gage, which she did. This note and mortgage represented
the purchasing price of a publishing business sold by plain-
tiff to defendant, and these outstanding twenty-nine notes
represented obligations of the plaintiff theretofore given by
him to the owners of stock in said publishing company for
the purchase price thereof. Contemporaneously with the giv-
ing of this note and mortgage a written contract relative to
these outstanding notes was made by the parties whereby it
was declared that the note and mortgage were given in part
to secure payment of said outstanding notes of the plaintiff,
the agreement providing that plaintiff should pay them, and
that if he did not, then that defendant might pay them, ''which
payments shall be considered to be and shall be payments
upon the note heretofore given'' by defendant to plaintiff
''for said sum of fifty thousand dollars.'' Plaintiff being out
of the state, defendant took up these notes as they became
due and long prior to the commencement of this action. Her
claim on the trial was that she had not in fact paid them but
had merely purchased them from the holders to assert as a
setoff against plaintiff. There is nothing in this claim.
While the defendant was not required to pay these notes
at all unless she chose to do so, she did pay them, and did
so in harmony with the terms of her contract, and they con-
stituted partial payments on her fifty thousand dollar note
to plaintiff. The effort now to assert their setoff to the notes
in suit here only occurred to the defendant after the bringing
of the present action.

These are the only points made in the brief of appellant, and as they are entirely without merit, the judgment appealed from is affirmed.

Melvin, J., and Henshaw, J., concurred.