[Civ. No. 3540. Third Appellate District.—June 26, 1928.]

H. E. MEYER, Appellant, v. HERMAN ZUBER, Respondent.

Faucett & Ring for Appellant.

Howard F. Sheperd and B. L. Hoyt for Respondent.

FINCH, P. J.—The trial court sustained the defendant's demurrer to the third amended complaint, without leave to amend, and judgment was thereupon entered against the plaintiff, who prosecutes this appeal from the judgment.

The action was commenced January 20, 1926, for the recovery of certain real property purchased by the defendant at a sale under a trust deed on January 20, 1921. The facts herein stated are alleged in the complaint.

The trust deed was executed by the plaintiff October 18, 1915, to secure the payment of his promissory note of the same date for $13,868, payable to the defendant two years after date, with interest at seven per cent per annum, payable quarterly, and if not so paid to be compounded quarterly. No payments were ever made on the principal and only the following payments of interest were made: 1915, $250; 1916, $400; 1917, $950; 1918, $286.70; 1919, $582; 1920, $114.50.

At all times up to about five days before the sale "the relationship between plaintiff and defendant Zuber was friendly and intimate and . . . Zuber pretended to said plaintiff and plaintiff believed that he, the said defendant, entertained an affectionate and friendly feeling and regard for him. . . . Zuber at all of the times herein mentioned represented to said plaintiff that if he paid the interest on said indebtedness, as best he could, said Zuber would not attempt to sell or foreclose for sale said property, . . . that he would not press plaintiff for the principal amount thereof, but that plaintiff could pay the same when and as he was financially able so to do. . . . Relying upon all of the foregoing representations, and believing them to be true, said plaintiff made no effort or attempt to satisfy and was not financially able to satisfy said indebtedness, excepting the interest thereupon." Payments of interest were made as stated herein. "Said payments were made as aforesaid from time to time and at irregular intervals without objection or protest from the said Zuber. . . . At none of said times or at any time, except as hereinafter alleged, did said Zuber notify or intimate to said plaintiff that said interest and

principal must be paid as in said trust deed provided, or that he would cause said premises to be sold because of the default of said plaintiff.''

At the time of the sale ''there was upon said premises a winery and distillery, tools, equipment and paraphernalia used for the fermentation and manufacture of wine, and several thousand gallons of wine; that at said time said personal property, equipment and wine was of the reasonable market value of upwards of $10,000. . . . No ready market was available for the sale of said wine in wholesale lots, and . . . said wine could only have been sold after considerable negotiation, requiring the expenditure of considerable time. . . . Said winery and equipment could have been removed therefrom in the course of a month or thereabouts, and said premises sold for upwards of $100,000 and on or about the 21st day of January, 1921, said premises were of a reasonable market value in excess of $100,000.''

''Having fraudulently and deceitfully led plaintiff to believe that he would not cause said premises to be sold in satisfaction of the indebtedness secured by said trust deed, and having lulled plaintiff into a false security, . . . said defendant Zuber falsely, wrongfully and fraudulently suffered said belief to continue in plaintiff until such time as the said defendant well knew that . . . plaintiff could not readily and immediately market said wine or readily and immediately dispose of the said personal property used in the manufacture thereof, and . . . could not acquire the funds necessary to satisfy his said indebtedness to defendant Zuber, defendant Zuber, without reasonable notice and without any demand for his debt, wrongfully, fraudulently and deceitfully caused the trustee named in said trust deed to sell said premises that said defendant might acquire the same for a mere pittance without notifying said plaintiff of his intention so to do until about five days prior to said sale, and without theretofore demanding satisfaction of said indebtedness, and without affording plaintiff any reasonable opportunity to obtain the money necessary therefor, though defendant Zuber well knew that had he not deceived plaintiff by his representations that he would not press plaintiff for said money and that said premises would not be sold, said plaintiff with ample, reasonable and adequate notice of

the intended sale, could have obtained the funds necessary to satisfy said indebtedness."

Five days before the sale the defendant "for the first time informed said plaintiff that he was going to direct the commencement of the necessary proceedings to effect such sale unless plaintiff gave defendant further security for said debt. . . . At that time, as said defendant well knew, plaintiff was in ill health and unable to attend to his business affairs. . . . Prior thereto . . . defendant had already caused to be published notice of said intended sale for the 20th day of January, 1921." Defendant then knew that the plaintiff was ignorant of the fact of such publication. "Zuber thus falsely, fraudulently, deceitfully and wrongfully misrepresented said matter to plaintiff that said plaintiff might not arrange for the satisfaction of said indebtedness prior to said trustee's sale. . . . Zuber then and there well knew that five days or less was an inadequate length of time to enable plaintiff to acquire the money necessary to satisfy said trust deed."

"Plaintiff is informed and believes, and accordingly avers that said sale was advertised at least once a week for four successive weeks in the California Independent, an obscure newspaper published in Los Angeles, California, for the dissemination of trade and mercantile news, and the publication of legal notices, and not read by the public generally, to-wit: on the 23rd and 30th days of December, 1920, and on the 6th and 13th days of January, 1921." No notice was posted upon the premises or at any other place. "Plaintiff had no notice or knowledge of said sale until about three days prior to the date thereof. . . . Zuber wrongfully, fraudulently and deceitfully caused notice thereof to be withheld from plaintiff that he might not be afforded the opportunity of acquiring the funds necessary to satisfy said indebtedness, and that defendant Zuber might acquire said premises himself."

"At said sale, and according to the plan and design of said defendant Zuber, there was no competitive bidding. . . . No other bids were made for the purchase of said premises except the bid of said Zuber, as plaintiff is informed and believes, in the sum of $6,388. . . . At the time of said sale and during most of the time thereafter, the plaintiff has been feeble and ill and is now seventy-four years of age."

. "Within two or three months after said trustee's sale he sought the advice and counsel of several attorneys-at-law respecting his rights in said premises, and was by them advised, after stating the facts in the case to them, that said sale was valid and binding. . . . In reliance upon said advice and counsel, plaintiff did not institute any action for the prosecution of his rights in the premises." Plaintiff was first advised "as to his rights in the premises . . . shortly prior to the 20th day of January, 1926." The defendant has not been "prejudiced by reason of the delay in the institution thereof."

The trustee's deed, which is attached to and made a part of the complaint, recites that Zuber "has been obliged to and has paid out and advanced the sum of $2,016.88 on account of taxes and assessments levied and assessed against the property, . . . all of said payments and advancements having been made in accordance with the provisions of said deed of trust, . . . there being due and unpaid the total sum of $21,065," and that the property was sold by the trustee to Zuber for the sum of $14,000.

The defendant demurred to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action, that the action was barred by the statute of limitations, that the plaintiff had been guilty of laches, and on numerous other grounds. It is unnecessary to consider any other than the first ground stated.

The allegations to the effect that "the relationship between plaintiff and defendant Zuber was friendly and intimate" may be dismissed from consideration, as mere friendship and affection existing between parties to a contract do not constitute a confidential relation. (*Cox* v. *Schnerr*, 172 Cal. 371, 378 [156 Pac. 509].) The allegations of fraud, with one exception to be hereinafter discussed, consists of the mere conclusions of the pleader, without the statement of any fraudulent act. Fraud cannot be so pleaded. (12 Cal. Jur. 800.) Mere inadequacy of price is not a sufficient ground for setting the sale aside. (*Winbigler* v. *Sherman*, 175 Cal. 270, 275 [165 Pac. 943].)

The fact that no notice of sale was given except by publication is immaterial. The trust deed required only that notice of sale be published "at least once a week for two weeks, in some newspaper published in Los

Angeles." The complaint alleges that notice was published for four weeks in "a newspaper published in Los Angeles." No other or different notice was required. (*Sargent* v. *Shumaker*, 193 Cal. 122, 130 [223 Pac. 464].) The provisions of section 692 of the Code of Civil Procedure relating to notice of sale under a trust deed were added to that section after the sale here in question had been made, and the similar provisions of section 2924 of the Civil Code are expressly limited to sales authorized by instruments executed after July 27, 1917. Neither of those sections, therefore, is applicable.

■ Relying on *Winbigler* v. *Sherman, supra,* appellant contends that he was misled to his prejudice by Zuber's statement, made five days before the sale, "that he was going to direct the commencement of the necessary proceedings to effect such sale unless plaintiff gave defendant further security for said debt," the statement implying that such proceedings had not been commenced. It may be conceded that this is a sufficient allegation of a fraudulent act. Since the trust deed required a notice of two weeks to be given of any contemplated sale thereunder, the alleged statement tended to create a belief in the plaintiff's mind that he had at least two weeks thereafter in which to raise the money necessary to pay the indebtedness. The weakness of appellant's argument, however, appears from the further allegation in the same paragraph that "Zuber then and there well knew that five days or less was an inadequate length of time to enable plaintiff to acquire the money necessary to satisfy said trust deed." The plaintiff, therefore, was not injured by the defendant's alleged statement, because he could not have raised the money if he had been correctly informed at that time of the true facts, and the defendant was under no legal obligation, either at that or at any prior time, to give the plaintiff any notice other than by the publication which was made.

■ The complaint alleges that the defendant's promise of forbearance was conditional upon the plaintiff's payment of "the interest on said indebtedness, as best he could." The complaint does not allege that the plaintiff was unable to pay such interest, even if it be conceded that he was justified in relying upon such an uncertain and indefinite promise. To the contrary, it is alleged that "plaintiff with

ample, reasonable and adequate notice of the intended sale could have obtained the funds necessary to satisfy said indebtedness.'' If he could have obtained sufficient money to satisfy the whole indebtedness, he certainly could have obtained enough to pay the interest, and he was in default in the payment thereof from the first year. It does not appear, therefore, that the plaintiff performed the condition upon which the defendant's promise was dependent.

Appellant contends that by accepting payments of interest from time to time long after the same became due the defendant waived his right thereafter to insist on prompt payments, without first demanding that such payments be made at the times specified in the promissory note and trust deed. The rule for which appellant contends has been applied to the acceptance of overdue payments by a mortgagee where the mortgage or the promissory note secured thereby contained an acceleration clause. The promissory note secured by the trust deed involved in this action contained such a clause, but the defendant did not elect to accelerate the time of payment by reason of the plaintiff's numerous defaults. This action was commenced long after the entire indebtedness became due and payable, without reference to the acceleration clause. The doctrine for which appellant contends is inapplicable in such a case.

The respondent contends that the complaint is insufficient in many other respects, but it is unnecessary to discuss any other alleged defects, as enough has been stated to show that the demurrer was properly sustained.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.