NELSON, Appellant, v. TURNER COUNTY BANK, Respondent.

(228 N. W. 404.)

(File No. 6965.   Opinion filed January 7, 1930.)

*Caldwell & Burns,* of Sioux Falls, for Appellant.
*Bogue & Bogue,* of Parker, for Respondent.

BROWN, J. On February 27, 1926, $2,250 was deposited pursuant to Rev. Code 1919, § 773, in the name of plaintiff in Turner County Bank, and plaintiff notified of the deposit. The money was allowed to remain in the bank until it failed October 22, 1926. Thereafter the bank was reorganized under the provisions of Laws of 1925, c. 104, and plaintiff was tendered deposit and trust certificates in accordance with the reorganization plan, which she declined to accept, and brings this action to recover the $2,250 with interest from January 4, 1929, on which date she made demand for the money. From a judgment dismissing the action on the merits, plaintiff appeals.

Section 773, in accordance with which the money was deposited in the bank, reads as follows: "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor."

Before the $2,250 was deposited in the bank it was offered to plaintiff. She refused to accept it, whereupon it was deposited pursuant to provisions of section 773. She now contends that the deposit was for the special purpose of having the money paid over to her, that it therefore was a special deposit and constituted a trust fund in her favor. She says: "The deposit of this sum of money imposed upon the bank one obligation, namely, to hold this money for plaintiff or to deliver it to plaintiff." This contention is plainly untenable. The bank was not required to keep for her the identical money deposited. The money was offered to her once, and she refused to accept. In this situation the statute authorized the party from whom it was due to deposit it in her name in a bank of deposit within this state of good repute, and notify her. This was done. The deposit was unconditional; it was subject to her absolute control and to withdrawal by her at any time she chose to demand it. Righetti v. Righetti, 5 Cal. App. 249, 90 P. 50; Segno v. Segno, 175 Cal. 743, 167 P. 285; Stakke v. Chapman, 13

S. D. 269, 83 N. W. 261; Barnes v. Hill City Lbr. Co., 34 S. D. 158, 147 N. W. 775; Smith v. Egan, 55 S. D. 10, 150 N. W. 290.

The deposit became her property as soon as it was made and she was notified, and was no more a special deposit, because it was deposited for her benefit, than is any general deposit, which is deposited for the benefit of the person designated by the depositor. The fact that the statute provides that the money be deposited in a bank of deposit in the name of the creditor, and without other directions, indicates that it is to be considered as an ordinary or general deposit, and plaintiff by allowing the money to remain on deposit became, from the time she received notice of its deposit, a deposit creditor within the meaning of chapter 104, Laws of 1925. The judgment appealed from is affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.
CAMPBELL, J., concurs in the result.