[Civ. No. 4604. Third Appellate District.—November 6, 1933.]

LUIGI RAVANO et al., Appellants, v. ETTA M. SAYRE et al., Respondents; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Intervener.

[Civ. No. 4605. Third Appellate District.—November 6, 1933.]

ETTA M. SAYRE et al., Respondents, v. LUIGI RAVANO et al., Appellants.

N. Lindsay South for Appellants.

George W. Mordecai for Respondents.

Conley, Conley & Conley for Intervener.

BURROUGHS, J., *pro tem.*—These two cases were consolidated for the purpose of trial and also for the purposes of appeal. Action No. 4604 was commenced by *Luigi Ravano et al.* v. *Etta M. Sayre et al.*, to set aside a trustee's sale of real property by virtue of the authority contained in a trust deed given by Ravano, et al. to secure a debt to the Sayres. The Bank of America National Trust and Savings Association intervened because of a debt owed to it by the Ravanos.

In action No. 4605, Sayres et al. brought an action in ejectment against the Ravanos et al. to recover possession of the property which is the subject of the deed of trust. The Sayres recovered judgment in both actions. The Ravanos have appealed from the judgments.

Appellants contend that the sale of the real property under the deed of trust was prematurely made in that the respondents extended the time for the payment of the debt secured by the deed of trust until December, 1930, and the sale was made by the trustee in July, 1930. A jury was impaneled, who, in answer to the only inquiry propounded to them, held that the time had been extended for the payment of the debt, as claimed by the appellants. The court ignored the special verdict of the jury and made complete findings in both cases, and, among other things, found that the time had not been extended for the payment of the debt.

It seems to be conceded by all parties that the court had a right to ignore the special verdict of the jury, but, it is said by appellants in their brief: "Sayres extended time for payment of notes." They then proceeded to argue that the evidence sustains this contention. We therefore take it that they challenge the sufficiency of the evidence to sustain the finding of the court, that the time was not extended.

An examination of the record discloses that the evidence upon this subject is in sharp conflict. Without reciting all of the evidence in detail, it is sufficient to say that Logan Sayre, who, it is claimed, granted the extension of time, testified that he never at any time granted an extension. The court asked him: "Well, did you ever grant him any extension of time?" To which he replied: "No, sir." There does not appear to be anything inherently improbable in the testimony of Sayre, and without further presentation of the evidence upon this subject, that alone is sufficient to

sustain the finding of the trial court that there was no extension of time granted. Neither was the time extended by implication by the conduct of the Sayres. At the time of the sale, under the terms of the trust deed, the entire debt was due, and it is settled that mere neglect of a creditor on a note to enforce payment according to its terms, or the acceptance of payments thereon does not amount to an extension of time or preclude him from bringing suit to enforce payment. (See *Meyer* v. *Zuber*, 92 Cal. App. 767–774 [268 Pac. 954].) Further, irrespective of any alleged extension of the maturity of the principal debt, the testimony is without conflict that the Ravanos were in default under the terms of the trust deed because of their failure to pay taxes and assessments on the property and their failure to pay an installment which was due under the terms of a prior mortgage.

 It is further contended by the appellants that the Sayres were guilty of fraud and oppression. Upon this subject it is contended that during the four years between the making of the deed of trust and the sale thereunder, the respondents bought from the Ravanos, merchandise; that they used a pumping plant belonging to the latter; that they were going to remit part of the money due them; that in the month of October, 1929, they obtained $2,800 from the Ravanos before it was due, and told them that they would not bother them any more until December, 1930; that they promised to finance the Ravanos on a new loan for $6,000 to be secured by a crop mortgage; that, relying upon the latter promise, the Ravanos proceeded to incur indebtedness in the way of improvements on the land in controversy, and also incurred expense by hiring men to work thereon; that the failure of the Sayres to fulfil their promise of loaning the money compelled the Ravanos to seek the loan elsewhere; that during part of the time the Sayres charged simple interest, and that for the purpose of the sale they charged compound interest on the loan.

The evidence upon the several subjects thus presented is conflicting. However, there is ample evidence to sustain the decision of the court. It appears that the merchandise furnished by appellants was not a consideration for any change in the terms of the deed of trust, and appellants were given credit for such merchandise in the final settle-

ment. The court found that the $2,800 paid in October, 1929, was on account of the indebtedness under the terms of the promissory note, and the amount was due at the time it was paid and credit given therefor. As heretofore shown, the court further found upon substantial evidence, that the time for the payment of the indebtedness was not extended by the respondents. It also appears from the evidence and from the finding that respondents did agree to finance the appellants to the extent of $6,000, but such sum was to be secured by a crop mortgage which was to be a first lien on the crop for the coming season; that the appellants could not give a mortgage which would constitute a first lien, for the reason that the intervening bank had a mortgage which was a first lien on said crops, and which on its face was in the sum of $3,000, but which, in fact, by advancements made, amounted to the sum of $3,700; that in charging compound interest the respondents were justified by the terms of the notes and also the deed of trust. There was no error in the holding of the trial court that the Sayres were not guilty of fraud and oppression.

It is also contended by appellants that they were entitled to an accounting of the transactions between them and the respondents. The items of the account were clearly within the knowledge of the appellants; in fact, the merchandise furnished by the appellants was peculiarly within their own knowledge. Furthermore, an accounting is not within the issues raised by the pleadings.

It is claimed that the property sold under the deed of trust was purchased by the respondents for a sum in excess of the amount owing. The court found that the amount due on the debt was $18,323.78. The property was bought by the respondents for $17,000. But if such were a fact, under the terms of the trust deed, any surplus for which the property sold would be held by the trustee for the account of the appellants.

It is also contended that the appellants were ready, willing and able to pay the correct amount due, and offered to do so. But the evidence does not support this claim. It seems that at one time an offer of $10,000 was made, but at that time there was more than $13,000 due, and the offer was refused. It also appears that there was one day on which the Ravanos had at their command sufficient money

to pay the debt, but no offer was made to pay the same, except that counsel for appellants told counsel for respondents that he had the money and was anxious to pay, but did not want to pay one dime more than was due. No offer to pay was made, no deposit of money was made, and no continuing ability to pay. (See sec. 1500, Civ. Code; *Segno* v. *Segno*, 175 Cal. 743 [167 Pac. 285]; *Owen* v. *Herzihoff*, 2 Cal. App. 622 [84 Pac. 274].) Therefore the point is not well taken.

We are of the opinion that the judgment of the trial court is correct in each case, and should be affirmed. It is so ordered.

Thompson, J., and Plummer, Acting P. J., concurred.