[Civ. No. 5822.   Third Appellate District.—June 16, 1937.]

ATTILIO ARATA et al., Appellants, v. E. M. DOWNER, as Trustee, etc., et al., Respondents.

Will S. Robenson for Appellants.

Francis W. Collins for Respondents.

PULLEN, P. J.—Plaintiffs sued to ejoin the sale of certain real property under a deed of trust given by plaintiffs to secure four promissory notes, and for an accounting. The accounting was had, which resulted in the court's finding that plaintiffs were indebted to the Bank of Pinole, the beneficiary under the deed of trust in a sum in excess of $40,000, and denied an injunction preventing the sale of property under said trust.

From this judgment an appeal was taken upon a bill of exceptions. As grounds of appeal it is asserted the decision is against law and contrary to the evidence in various particulars, among others, that the defendants, by their conduct subsequent to the recordation of notice of default were estopped to deny that there was a waiver of the default existing at the time of recordation of said notice of default; that from the time of recordation of notice of default until the date of the sale of the trust property, the rents, issues and profits of the trust property belonged to the trustor; that the beneficiary expended certain sums for permanent improvements and betterments of the trust property intended to increase the beneficiary's security, which was unlawfully charged against the trustor, and that one of the trustees occupied an adverse position to that of plaintiffs herein and exercised adverse pressure against his beneficiary to the advantage of the trustee.

From the testimony it appears that appellants, on the 22d day of December, 1927, executed a deed of trust on certain real property to secure a promissory note in the sum of $26,000, the deed of trust containing a provision for future

advances. In 1929 appellants executed a second promissory note secured by said deed of trust for the sum of $5,000, and in March, 1931, executed another note for $4,000, and in April, 1931, a note was executed by appellants for $3,694.64, all secured by the deed of trust.

Appellants, as further security had assigned the rents of the property covered by the deed of trust, which rents were collected by defendants and applied to interest, taxes and insurance. These items, however, were insufficient to take care of these charges, and appellants being in default on the principal of all said notes, and on interest as to some, respondents on September 2, 1932, filed a notice of default and election to sell. No proceedings to sell the property were taken under said notice of default and election to sell until in July, 1935, when the trustee gave notice of sale, fixing the date thereof as of October 2, 1935. It was the giving of this notice that caused the filing of the complaint herein.

At the time of the filing of the complaint appellants' notes were all in default as to principal and interest, and in the interim from 1932 to 1935 nothing had been paid by appellants upon the principal or upon the interest other than amounts collected under the rental assignments, which amounts, however, were insufficient to pay the interest charges, and there was $1408.15 overdue interest upon said notes.

The first point made by appellants is that an unreasonable length of time elapsed between the recordation of notice of default and the time of the commencement of publication of notice of trustees' sale, claiming that the lapse of time resulted in a waiver by the beneficiary of any default. This contention is answered in *Witter* v. *Bank of Milpitas,* 204 Cal. 570 [269 Pac. 614]. In that case the bank had notified the plaintiff of its intention to exercise its option to declare principal and interest due; it did not, however, proceed to sell until several months later, but the election was never cancelled. The court there held that the appellants, having accepted whatever benefit may have accrued as a result of the bank's delay in asserting its right to sell, could not thereafter be heard to complain, although appellants contended that such conduct served to lull them into inactivity and caused them to rest in the belief that no sale would be had until they had been again personally notified.

In the case of *Ravano* v. *Sayre,* 135 Cal. App. 60 [26 Pac. (2d) 515], the court held the failure of a creditor upon a note to enforce payment according to its terms did not amount to an extension, citing *Meyer* v. *Zuber,* 92 Cal. App. 767 [268 Pac. 954]. The evidence here discloses that the trustees, on numerous occasions notified appellants that the condition of their loan was not satisfactory and that the bank was going to foreclose, and in February, 1935, an accounting was presented to plaintiffs showing the moneys received and the charges for interest and taxes, and that the account was becoming more in default each month.

■ It is next urged by appellants that the trustees had no authority to collect rentals between the recordation of notice of default and date of trustees' sale, and apply these rentals and principal and interest and in repair and permanent improvement of trust property and in repayment of taxes. The record, however, fails to disclose any rent money was ever applied to the payment of principal, nor in fact was any payment ever made upon the principal or permanent improvements made.

It seems clear the trustees acted in accordance with the assignment and we can find no instance that defendants acted in excess of their rights in applying the rents to interest, taxes, repairs and insurance. ■ Neither does the acceptance of rents and their application to interest waive an existing default. (*Title Ins. & Trust Co.* v. *Ford,* 119 Cal. App. 188 [6 Pac. (2d) 101].)

■ Appellants contend that the defendants by their conduct subsequent to the recordation of the notice of default, were estopped to deny that there was a waiver of default existing at the time of the recordation of said notice. There is no evidence cited in support of this statement nor has any conduct been shown on the part of the bank which would lead to such a conclusion.

Appellants were frequently told that the bank would be compelled to proceed with the foreclosure, and at least one account was presented to appellants showing the condition of the loan. Apparently nothing was done to conceal these facts from plaintiffs nor were they led to believe that the bank was satisfied with the condition of affairs nor that the bank intended to waive in any manner its election to sell.

Neither do we find any trust relationship existing between appellants and Hart, a trustee under the deed of trust, and also a trustee of the estate of plaintiff Arata's father.

It appears that $10,000 was deposited in the account of plaintiffs' daughter, which was a part of the original $26,000 loaned by the bank, this $10,000 being deposited in the name of plaintiff as trustee, to be paid to the daughter upon her reaching majority. At that time it was arranged that the bank would pay 2 per cent on the deposit and charge interest at 2 per cent on the $10,000 loaned. This arrangement seems to have been entirely satisfactory to all concerned. While it is true that perhaps the bank might have paid 4 per cent interest on the deposit Arata would probably have paid the usual 6 per cent interest on the loan, by which arrangement he would have been the loser by 2 per cent.

■ Appellants object also to the accounting which was had, but the only evidence we have before us is contained in the bill of exceptions, and that is too vague and incomplete for us to say that the findings of the trial court were not supported by the evidence.

For the foregoing reasons the judgment appealed from is affirmed.

Thompson, P., and Plummer, J., concurred.