[Civ. No. 22986.   Second Dist., Div. Two.   June 23, 1958.]

LOUISA H. FAULKNER, an Incompetent Person, etc., Respondent, v. EVANGELINE RUTH BEATTY, Appellant.

Willedd Andrews for Appellant.

Riedman, Dalessi & Shelton and Howard W. Shelton for Respondent.

FOX, P. J.—This is an appeal by defendant from a judgment cancelling a deed executed by plaintiff to herself and defendant as joint tenants, directing defendant to reconvey the property and ordering defendant to return $100 in a certain trust account to the guardian of the plaintiff.

The only question raised by the defendant is the sufficiency of the evidence to support the findings of fact, conclusions of law and the judgment.

Defendant was employed by plaintiff and her husband as a part-time, practical nurse from January, 1952, to the middle of June, 1953, when Mr. Faulkner died. Defendant thereafter continued to render such services to the plaintiff until May, 1954. The deed to the property in question was executed by plaintiff to herself and defendant as joint tenants on June 25, 1953. This was approximately 10 days after Mr. Faulkner had passed away. At that time plaintiff was 81 years of age. It is this deed that the court ordered cancelled.

Mr. Faulkner had been ill for quite some time; he was a very large man; Mrs. Faulkner was a small person and the constant care of Mr. Faulkner had made her very weary and tired. There was testimony that a month or two prior to Mr. Faulkner's death plaintiff "was in very poor" health and could not remember things. Plaintiff told Mrs. Lynch, who was a social case worker in the Los Angeles County Bureau of Public Assistance, that "she was so weary and tired" from caring for her invalid husband "that she just couldn't think any more."

Mrs. Christopherson saw plaintiff about a week after Mr. Faulkner's death. At that time plaintiff "was really hazy and nervous, wringing her hands all the time . . ." and she complained that "she was so tired." In response to a question as to whether plaintiff appeared rational at all times, Mrs. Christopherson testified: "She was on and off; one time she would tell you one thing and the next time something different."

On January 31, 1953, plaintiff executed a power of attorney in favor of defendant authorizing her to make withdrawals from an account that she and her husband had with a savings and loan association. Also, plaintiff and defendant had a joint checking account in a local bank.

Walter Foster, Esq., testified that he prepared the deed of June 25, 1953, at the behest of defendant; that he did not have any contact with plaintiff in the preparation of this deed; and that he did not give plaintiff any legal advice in

the month of June, 1953. The deed was not signed in his office but was taken by defendant and returned at a later time by her, at which time it was fully executed. Mr. Foster had the deed recorded.

In her testimony, defendant admitted that plaintiff "evidently had trust and confidence" in her.

In analyzing the case at the conclusion of the trial the judge observed: "[T]here is not any question in my mind that there was a confidential relationship between the defendant . . . and Louisa H. Faulkner." The court further observed: "The testimony is rather clear that she [defendant] managed not only her [plaintiff's] domestic affairs, but also her financial affairs, as shown by the powers of attorney. . . ." The court then commented on the defendant's activity in connection with having the deed prepared and executed, and the fact that Mr. Foster did not give plaintiff any legal advice in connection with this transaction. The court also mentioned the fact that the deed was executed only some 10 or 12 days after the death of plaintiff's husband; that she was elderly, tired and bereaved. The court made findings in accordance with this analysis of the testimony, including a finding that a confidential relationship existed between plaintiff and defendant, and that defendant took advantage of such relationship.

█ Whether there was a confidential relationship between the plaintiff and defendant presented a question of fact. (*Kloehn* v. *Prendiville,* 154 Cal.App.2d 156, 160 [316 P.2d 17]; *Steinberger* v. *Steinberger,* 60 Cal.App.2d 116, 122 [140 P.2d 31].) █ While "it is true that the mere fact that a relationship is 'friendly and intimate' does not necessarily characterize it as a 'confidential relationship (*Meyer* v. *Zuber,* 92 Cal.App. 767, 772 [268 P. 954])," nevertheless "it is . . . true that confidential relations 'may be said to exist whenever trust and confidence is reposed by one person in the integrity and fidelity of another.' " (*Kloehn* v. *Prendiville, supra,* pp. 160-161; see also *Estate of Cover,* 188 Cal. 133, 143 [204 P. 583].)

█ Applying these principles, it is clear that the evidence and the reasonable inferences to be drawn therefrom amply support the finding that a confidential relationship existed between the parties. It is also clear that it was because of defendant's activity that the deed was prepared, executed and recorded. The transaction resulted in a definite detriment to plaintiff and a substantial benefit to the defendant. It is thus apparent that defendant took advantage of the

trust and confidence reposed in her by the plaintiff. In such circumstances there is a presumption that the advantage obtained by the grantee was by reason of undue influence upon the grantor. (*Cox* v. *Schnerr,* 172 Cal. 371, 378 [156 P. 509]; *Stewart* v. *Marvin,* 139 Cal.App.2d 769, 775 [294 P.2d 114]; *Sparks* v. *Sparks,* 101 Cal.App.2d 129, 135 [225 P.2d 238].) ■ Such a presumption is evidence and is sufficient to support a finding in accordance therewith. (*Khoury* v. *Barham,* 85 Cal.App.2d 202, 212 [192 P.2d 823].) ■ The observations of the court in *Stewart* v. *Marvin, supra,* are here apposite:

"As to what constitutes undue influence and what constitutes sufficient proof thereof, as defined in Civil Code, section 1575, it has been said, depends upon the facts and circumstances of each particular case. ■■ It is a species of constructive fraud which the courts will not undertake to define by any fixed principles, lest the very definition itself furnish a fingerboard pointing out the path by which it may be evaded; that where a grantor has trust and confidence in the integrity and fidelity of the grantee and the latter takes advantage of the grantor relief will be afforded. [Citation.] ■ The fact that the parties stand in such a position toward one another, either by reason of relationship, professional employment, or otherwise, that the grantor is peculiarly susceptible to exertion of influence by the grantee, is a consideration of primary importance in this connection, in cases where the transaction is in itself improvident or disadvantageous to the grantor. ■ And the fact that the grantor is lacking in such mental vigor as to enable him to protect himself against imposition is a reason for the interposition of equity to protect him, although the mental weakness is not such as to justify him in being regarded as totally incapacitated. . . . ■ [W]ith respect to gifts or conveyances *inter vivos,* the extreme age and infirmity of the grantor, together with slight evidence of circumstances from which it may be inferred that the instrument was the product of coercion, will suffice to shift the burden and require the beneficiary to show affirmatively that the transaction was fair and free from influence."

■ It was, of course, for the trial court to determine whether the evidence offered by the defendant outweighed the presumption. (*Khuory* v. *Barham, supra.*) In making that determination it was the judge's responsibility to pass upon the credibility of the witnesses and the weight that should be given to their testimony. The court was not required to give

to defendant's testimony full credence in view of her interest in the outcome of this suit. (*Tidlund* v. *Seven Up Bottling Co.*, 154 Cal.App.2d 663, 666-667 [316 P.2d 656], and cases cited therein.) ▮ Since defendant did not overcome the presumption of undue influence the decision was necessarily in favor of the plaintiff.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.