988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael PERCIVAL; Patricia Shors; Mary Brennan; Jeani
Prior; Peter Percival, Plaintiffs-Appellants,
v.
Lydia Ann PERCIVAL, Defendant-Appellee.
 No. 91-56152.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1993.*
Decided Feb. 12, 1993.
 
 1
 Appeal from the United States District Court for the Southern District of California, No. CV-90-1558-GT; Gordon Thompson, Jr., District Judge, Presiding.
 
 
 2
 S.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before HUG and O'SCANNLAIN, Circuit Judges, and SEDWICK,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Appellants, the adult children of Wright C. Percival ("Wright"), challenge the district court's decision granting summary judgment in favor of Wright's surviving spouse, Lydia Ann Percival ("Lydia"). Specifically, appellants assert that the district court erred in applying the standard for undue influence articulated in Estate of Mann, 229 Cal.Rptr. 225, 231 (Cal.Ct.App.1986); Estate of Nelson, 38 Cal.Rptr. 459, 468 (Cal.Ct.App.1964); and Estate of Ventura, 31 Cal.Rptr. 490, 494 (Cal.Ct.App.1963). They contend that the district court should have applied the standard set forth in California Civil Code § 1575.
 
 
 7
 The district court exercised jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.
 
 
 8
 We review a grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Thus, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). We affirm.
 
 I.
 
 9
 In its original form, the California trust named Wright as trustor, primary beneficiary, and trustee. It provided that successor trustees would be named and the trust assets distributed only upon Wright's death. Although the terms of the trust were amended five times between February 1, 1985 and August 5, 1986, the time at which the trust proceeds were to be distributed was never altered.
 
 
 10
 We conclude that Wright intended to have the trust proceeds distributed upon his death, making the California trust more like a will than a contract. Thus, we hold that the district court correctly employed the standard for undue influence applicable to wills articulated in Estate of Mann, Estate of Nelson, and Estate of Ventura.
 
 
 11
 We note that appellants offer no California cases of undue influence involving the creation or alteration of the terms of a trust like the one involved in this case. See, e.g., O'Neil v. Spillane, 119 Cal.Rptr. 245 (Cal.Ct.App.1975) (challenge to gift deed creating joint tenancy); Beckmann v. Beckmann, 345 P.2d 121 (Cal.Ct.App.1959) (challenge to deed conveying real property); Stewart v. Marvin, 294 P.2d 114 (Cal.Ct.App.1956) (challenge to deed creating joint tenancy).[1] This case does not involve a gift, a deed, or a conveyance inter vivos; it involves the distribution of trust assets upon death. Thus, the cases upon which appellants rely are inapposite.
 
 II.
 
 12
 Applying the standard employed by the district court, we agree that appellants failed to produce any evidence that Lydia actively participated in procuring the amendments to the California trust. See Estate of Mann, 229 Cal.Rptr. at 231-33; Estate of Fritschi, 384 P.2d 656, 660-662 (Cal.1963). The mere fact that a beneficiary procures an attorney to prepare a trust, selects an attorney and accompanies the trustor to the attorney's office, or is present at the execution of the trust is not sufficient "activity." See Estate of Mann, 229 Cal.Rptr. at 233.
 
 
 13
 We conclude that there are no genuine issues of material fact and that the district court correctly applied the relevant law. Thus, the district court properly granted summary judgment in favor of Lydia.
 
 III.
 
 14
 We conclude that this appeal was not frivolous. Therefore, we deny Lydia's request for attorney's fees.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable John W. Sedwick, United States District Judge, for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also have been been unable to find any California cases involving a claim of undue influence as to the creation or alteration of the terms of a trust like the one involved in this case. The few cases in which both California Civil Code § 1575 and the term "trust" are mentioned are not helpful. See, e.g., Morrow v. Morrow, 20 Cal.Rptr. 338 (Cal.Ct.App.1962) (action to set aside deeds or, in the alternative, declare violation of terms of oral trust allegedly created); Faulkner v. Beatty, 327 P.2d 41 (Cal.Ct.App.1958) (challenge to deed creating joint tenancy); Weakley v. Melton, 207 P. 523 (Cal.1922) (action for nullification of declaration of trust of real property); McDougall v. McDougall, 67 P. 778 (Cal.1902) (challenge to deed conveying real property); Hayne v. Hermann, 32 P. 171 (Cal.1893) (action to obtain judgment that widow held certain real property in trust for son and for a conveyance thereof)